*84 OPINION of the Court, by
Judge Logan.
George Winn, the testatof of the plaintiffs in error, had exchanged with John Elliott certain land, part of a 1000 acre tract and covenanted that if any part of it should be lost, he would give as much out of the residue the *85 fract as would make it up, as might best suit Elliott. He also agreed to pay Elliott for his improvements, if the land should be lost; and moreover covenanted that if the whole 1000 acres should be lost, or so much thereof that E.liott’s demand could not be satisfied out of the residue of the tract, that in that case Elliott should have back the 100 acres which he had given Winn in exchange for the 150 acres, part of the 100 acres.
A. feaii pay for the improve,, meats.
Elliott assigned the writing on Winn to Redman, the defendant in error, who, in an action of ejectment against him under the elder patent, confessed judgment at law, with a reservation of equity.
He then exhibited his bill in chancery, alleging the superior equity of the.claim under which he held the land : in which he made Winn a party, and prayed a decree against him for a conveyance of other 150 acres of the said tract as said Redman might choose, unless the claim under which he held should prevail in equity against the elder legal title of the adversary claim.
Pending this suit Winn died, and it was revived against his devisees, to whom he had willed the residue of the 1000 acre tract in separate lots, and who had settled and made improvements thereon.
The circuit court dismissed the bill as to the claim with which it conflicted, and decreed in favor of Red-man 150 acres, his choice of the remaining 1000 acres. This choice Redman made so as to take certain improvements of one of the legatees. But the court not having decreed said legatee the value of his improvements, is now assigned for error,
Redman is secured by the decree of the court for the loss of his improvements. It would therefore seem repugnant to the soundest principles of equity, that he should receive the improvements of others who had rtuuie them with goodjaith under the will of their testator, without paying for them. The principle that he who asks equity must give equity, justly applies here. The contract by no means supports the idea that the residue of the 100$ acres was to pemaip unimproved, or if improved that Elliott or those claiming under him might at any time thereafter, in the event of losing the f 50 acres, choose any other part of the tract, without pa> ing for the improvements thereon. Such an idea Deems unwarranted, inasmuch as it would have render ■ *86 cd the remaining 850 acres either useless to the seller,, or subjected him to the risk of losing his improve, ments, until a period entirely uncertain, when the 150 acres sold should be known to bp sale from adverse claims. A construction so unjust and so inconsistent with sound policy, ought not to be adopted, unless supported by the most unequivocal expressions in a contract.
Bradley, the legatee, whose improvements have been partly taken under the choice of Redman, could not have known that he would elect to take that spot in preference to any other, even if he had known with certainty that the land which had been sold to Redman would be lost, but which ought not to be presumed.
It is therefore the opinion of the court that the circuit court erred in not having ascertained by some proper and equitable mode, the value of the improvements on the land thus chosen by Redman, and decreed him to pay for the same to such of the legatees of George ■\yinn as were entitled thereto.
Several other errors are assigned, but which seem, to the court untenable, and consequently unnecessary to be noticed.
It is therefore decreed and, ordered by the court, that' the decree of the circuit court be reversed, so far as it is repugnant to the foregoing opinion ; and that the same be remanded to the said circuit court, with directions to appoint commissioners to ascertain by valuation the increased value of the land made choice of by Red-man, in consequence of the improvements thereon, from its unimproved state ; arid to enter up a decree therefor against Redman in favor of those who may be entitled to the same, as the terms upon which Redman may have such land. And it is further ordered that the defendant ⅛ error do pay to the plaintiffs their cost in this fiehali expended.